Mr. Justice Humphreys
delivered the opinion of the court:
Complainant is the grantee, in two deeds of conveyance, of houses known as Nos. 11 and 28 Grant Place, in Washington City. The deeds are absolute on their face, and express a given consideration. The whole case shows a complication of accounts between the parties, and that the consideration of the deed to house 28 was different to that expressed therein. After the sale of the first house (No. 11) to complainant, it was found that it was encumbered to a large amount .by mortgages. He had already paid the purchase-money, except a few hundred dollars. To secure complainant against loss on account of the incumbrances, defendant conveyed the house No. 28 to him by deed absolute. Complainant now comes with the allegation that the last deed to *528 house 28, although absolute ou its face, was intended by the parties as a trust; that complainant was to sell the same j and if it failed to realize the amount paid out by him, the defendant was to sustain the loss of the difference 5 and he claims a large amount as the loss. He sold house 28 for $11,000. The consideration in the deed was expressed to be .$12,000. Defendant contends that the true consideration was $13,000. Complainant contends that defendant is indebted to him in the sum of three or four thousand dollars, on account of the moneys paid out by him in the purchase of lot 11, in discharging the incumbrances and liens thereon, and the failure of house 28 to yield in the sale thereof sufficient te pay his advances. Defendant insists that c'omplainant bought house 28. It appearing in the case, as made, that there were •some matters proper for an account between the parties, it was referred to a special auditor and master to state the account. He found the fact to be, from the agreement of both parties, that the consideration was different from that expressed in the deed; that the amount to be credited to the defendant on account of house 28 was $12,500. The auditor and master treated the deed as an absolute conveyance, and the chancellor looked upon it in the same light by confirming the report. Complainant seeks relief against his own acceptance of a conveyance of title, and he must show a clear error entitling him to avoid it. He asks relief from the effects of a. written instrum ent, and must sho w som e undeniable facts either positive or clearly inferential, before he can vary or alter the written instrument. There was-a conflict of testimony. Complainant alleges and defendant denies. The well-known rule-requires that complainant shall overcome the denial by witnesses to the fact, or by a witness and strong corroborating circumstances. The master and auditor found the facts or circumstances to be wanting to overthrow defendant’s answer. The chancellor followed the finding of the master, as-he was bound to do, unless it had been shown that the auditor was clearly or inferentially wrong, and we are bound to follow the finding of the chancellor, unless his error can be pointed out. This the appellant has undertaken to do; but we think that he has not succeeded -in doing so. The deeds, are recognized in law as solemn undertakings. Even where- *529 the evidence shows that an account should be had between parties, the written memoranda made and received by them will be taken as the basis of a decree or judgment. Complainant would not be willing to abandon his rights under the deed to house 28. Courts must be cautious in undertaking to permit the terms of written instruments to be varied by parol testimony. Even under proper circumstances of allowing parol testimony, if a doubt still exists, they will return to the writings of the parties, and look to them to be thereby guided.
The decree (which speaks for itself) is therefore affirmed.